IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CR3045 |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR C. HARRIS, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before me for initial review[1] of the Motion Under 28 U.S.C. § 2255 (filing 158) submitted by the defendant, Victor C. Harris. No matter how that motion is construed, it plainly appears that Harris is entitled to no relief. Thus, the motion will be denied.

## *I. BACKGROUND*

With nine witnesses testifying against him, and the contents of a recorded conversation of a drug deal partially corroborating that testimony, the government's case against Harris was very strong. As a result, I was not surprised when a jury convicted Harris of conspiring to distribute more than 50 grams of crack. I sentenced

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Harris to 292 months in prison on July 11, 2006.  (Filing 102 (entered on July 14, 2006).)

After going through a number of lawyers, Harris was represented by Julie A. Frank, a dedicated and experienced criminal defense lawyer.  She represented Harris at trial, at sentencing and on appeal.

Harris appealed his conviction and sentence.  On July 9, 2007, the Court of Appeals entered its judgment denying the appeal.  (Filings 123-124.)  There is no record that Harris filed a petition for a writ of certiorari.

On April 21, 2008, Harris filed a motion for copies and a motion for leave to proceed in forma pauperis so that the copies could be provided without charge to Harris.  On April 22, 2008, I denied both motions explaining that free copies would not be provided to Harris until and unless a 2255 motion was filed and the motion survived initial review.  (Filing 135.)

Based upon the retroactive amendments to the "crack" Guidelines, and on May 19, 2008, Harris filed a motion for a sentence reduction.  (Filing 136.)  That motion was explicitly predicated on 18 U.S.C. § 3582(c)(2).  On August 29, 2008, I granted the motion to the extent that I reduced Harris' sentence to 235 months in prison but I also denied any further reduction.  (Filing 146.)  Harris appealed my refusal to give him a bigger break, but the Court of Appeals denied that appeal and entered its judgment on April 30, 2009. (Filings 160-161.)

On March 25, 2009, Harris filed his 2255 motions attacking Ms. Frank's representation. (Filing 158.)  I held that 2255 motion in abeyance until the Court of Appeals denied the appeal of the sentence reduction issue on April 30, 2009.  (*See* filing 159.)

## *II. ANALYSIS*

It is difficult to decipher Harris' motion because it is written in "legalese." I know that Harris thinks his lawyer erred. Why that is so is unclear. As best I can determine, Harris claims that Ms. Frank was ineffective because she failed to cross-examine trial witnesses, such Idella Sainz and Demario Waters, with sufficient vigor and also because Frank failed to seek the assistance of a psychiatrist or psychologist to evaluate Harris' mental condition.

Harris' motion will be denied. There are two reasons for this denial. Briefly, I discuss those reasons next.

First, the statute of limitations is one year[2] and it ran before Harris filed his 2255 motion. As a result, the motion must be denied.

Where, as here, there is an unsuccessful appeal, but no petition for certiorari is filed, the statute of limitations for 2255 motions begins to run 90 days after the Court of Appeals judgment is entered. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari . . . on direct review, § 2255's one-year statute of limitations period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13.1 (stating that a petition for certiorari must be filed within 90 days after the judgment (and not the mandate) is entered). *See also United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005) (concluding that where Court of Appeals opinion was dated December 12, 2001, and no petition for certiorari was submitted, one-year period for filing a 2255 motion began to run on March 12, 2002).

---

[2]*See* 28 U.S.C. § 2255(f).

In this case, the judgment (and the opinion) of the Court Appeals denying Harris' appeal was entered on July 9, 2007.  (Filings 123-124.)  Following the precepts set out in *Clay*, the statute of limitations began to run against Harris on (or about) Monday, October 8, 2007.  In turn, the one-year limitations period ran out on (or about) October 9, 2008.  Since Harris did not file his 2255 motion until March 11, 2009 (filing 158), his motion is untimely.

Harris has provided no legal or equitable reason to excuse his default. Furthermore, the fact that Harris sought and obtained a sentence reduction does not mean that the statute of limitations was tolled while he was seeking that relief. Initially, the statute itself[3] does not provide that the limitations period for 2255

---

[3] 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

motions is tolled when a sentence reduction motion is being considered. In addition, I have found no case law that supports such an argument either. On the contrary, what case law I can find goes the other way. *See*, *e.g.*, *Oiler v. United States*, 2009 WL 1073639 at * 3 (S.D. W.Va., April 21, 2009) (refusing to treat the defendant's sentence reduction motion as the equivalent of an appeal for statute of limitations purposes and dismissing 2255 motion as untimely); *Goins v. United States*, 2009 WL 32848 at * 2 (W.D. Ky., Jan. 5, 2009) (refusing to treat sentence reduction motion as a 2255 motion and dismissing 2255 motion as untimely).

Second, the claim of ineffective assistance of counsel is without merit. Indeed, it borders on the frivolous.

In order to prevail on his claims that defense counsel rendered ineffective assistance of counsel, Harris must show that "'counsel's representation fell below an objective standard of reasonableness,'" and that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Furthermore, an evidentiary hearing is unnecessary if the defendant makes an insufficient preliminary showing on either or both prongs. *See*, *e.g.*, *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim).

Initially, the assertion that Frank failed to adequately attack the witnesses who testified against Harris during the trial is lacking in any relevant specifics. More to the point, and given the overwhelming evidence against Harris, there is not the slightest reason to think that any thing that Frank did or failed to do during trial would have made a difference. Still further, the claim that Frank was incompetent for failing to engage a psychiatrist or psychologist is balderdash. As for competency questions, the record reflects that a competency examination was ordered and Harris

was found to be both competent and malingering[4] after a careful evaluation at a federal medical facility. (Filings 23, 25-26.) Furthermore, despite Harris' contrary assertion, the record proves that Frank did present the testimony of a PhD in psychology at the time of sentencing in an effort to convince me to go easy on Harris due to his prior mental health problems. (Filing 120 at CM/ECF pp. 8-81.) In short, the claim that Frank was ineffective and Harris was prejudiced thereby is baseless.

IT IS ORDERED that the 2255 motion (filing 158) is denied. A separate judgment will be issued.

DATED this 8th day of May, 2009.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

---

[4] A forensic psychologist, holding a PhD, gave Harris an Axis I diagnosis of "malingering" after an extensive evaluation at the Metropolitan Correctional Center in San Diego. (Filing 23 at CM/ECF p. 6.)